**ORDERED.**

**Dated: September 15, 2026**

Tiffany P. Geyer
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

PETER PAUL MITRANO
the Debtor.

Chapter 13
Case No. 6:24-bk-02053-TPG

---

PETER PAUL MITRANO,

Plaintiff,

vs.

Adversary No. 25-ap-00090-TPG

A.A. DORITY COMPANY, INC., et al.,

Defendants.

---

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

THIS MATTER, having come before the Court on the Motion for Summary Final Judgment (AP ECF 72[1]) (the "Motion") filed by the Defendant-Interested Party, MARTIN J. DRILLING ("Drilling"), and the Court, having reviewed the Motion, the Debtor's Under Protest Response to Motion for Summary Judgment (AP ECF 75) (the "Response") filed by the Plaintiff-Debtor, PETER PAUL MITRANO (the "Debtor"), and Drilling's Reply in Support of Motion for Summary Final Judgment (AP ECF 77) (the "Reply"), having conducted a hearing on this matter on September 2, 2026, which hearing the Debtor did not attend, and being otherwise fully advised in these premises, proposes the following findings of fact and conclusions of law to the U.S. District Court for the Middle District of Florida in accordance with Federal Rule of Civil Procedure 52, applicable here pursuant to Federal Rule of Bankruptcy Procedure 7052[2]. To the extent any finding of fact below

[1]Citations to filings in the above-captioned adversary proceeding appear as "AP ECF ____", while citations to filings in this Court's Chapter 13 proceeding appear as "ECF ___".

[2]On July 24, 2026, the Debtor filed his Second Motion to Have Any Ruling in this Court's Above-Captioned Adversary Proceeding Heard by a District Court Judge (the "Second Motion"). AP ECF 76. Given the pendency of this motion, the Court proposes these findings of fact and conclusions of law in abundance of caution to facilitate entry of a final judgment in this adversary proceeding to the extent the District Court grants the Second Motion.

is more appropriately construed as a legal conclusion or vice-versa, such factual finding or legal conclusion should be considered accordingly.

### *Procedural Posture*

1. On April 26, 2024, Plaintiff, Peter Paul Mitrano (the "Debtor") voluntarily commenced the above-captioned bankruptcy case when he filed a petition for relief pursuant to Chapter 13 of the Bankruptcy Code. ECF 1.

2. On July 7, 2025, the Debtor commenced the above captioned adversary proceeding currently pending before this Court, case number 6:25-ap-00090 (the "Adversary Proceeding"). AP ECF 1.

3. In the Adversary Proceeding, the Debtor is seeking $50,000,000.00 in monetary damages against Drilling and other defendants for a willful violation of the automatic stay involving the post-petition sale of the Debtor's interest in certain real property located at 934 Temple Street, Duxbury, Massachusetts (the "Property"). *See* AP ECF 1, ¶¶ 1, 8-12.

4. On August 18, 2025, Drilling filed an answer to the Debtor's complaint generally denying the allegations regarding a violation of the automatic stay. AP ECF 37.

5. On September 2, 2025, the Debtor moved to withdraw the reference when he filed his Motion to Have any Ruling in this Court's

Above-Captioned Adversary Proceeding Heard by a District Court Judge. AP ECF 51.

6. On September 9, 2025, this Court issued its Order Staying Proceedings Pending Resolution of Plaintiff's Motion for Withdrawal but noting that "[t]his Court retains jurisdiction to hear this proceeding while the motion for withdrawal is pending." AP ECF 58 (citing Local Rule 5011-1(g)).

7. On October 24, 2025, this Court transmitted to the District Court the Debtor's motion to withdraw the reference. AP ECF 68.

8. On June 16, 2026, the District Court denied the Debtor's Motion to Withdraw Reference. *See* Docket of M.D. FL. Case. No. 6:25-mc-00035-AGM at ECF 5.

9. As stated, on July 24, 2026, the Debtor filed the Second Motion seeking to withdraw the reference, which remains pending. Pursuant to Federal Rule of Bankruptcy Procedure 5011(c), the Debtor's motion to withdraw the reference "does not stay proceedings in a case or affect its administration." Fed. R. Bankr. P. 5011(c).

## ***Findings of Fact***[3]

*The Massachusetts Partition*

10. On April 9, 2024, Dennis S. Mitrano — the Debtor's brother ("Petitioner") — filed a Petition to Partition 934 Temple Street, Duxbury, MA (the "Petition") commencing that certain civil action currently pending before the Probate and Family Court of the Commonwealth of Massachusetts, Plymouth Division (the "Partition Court"), case number PL24E0013PP (the "Partition Proceeding") requesting a partition of the real property situated at 934 Temple Street, Duxbury, Massachusetts 02332. *See* AP ECF 72, at **Ex. A** at ¶ 3 (Declaration of Martin Drilling).

11. As detailed in the Petition, the Property was devised to the Debtor and his five siblings pursuant to the last will and testament of the

[3]The Debtor did not accompany the Response with any declaration, affidavit, or other form of summary judgment evidence disputing any of the facts set forth in the Declaration of Martin Drilling supporting the Motion. *See* AP ECF 75; *see also* Fed. R. Civ. P. 56(c) (requiring party disputing a fact in a summary judgment motion to cite "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"); *see also* Fed. R. Bankr. P. 7056 (applying Rule 56 in adversary proceeding). Accordingly, the Court considers undisputed the facts set forth in the Declaration of Martin Drilling pursuant to Federal Rule Civil Procedure 56(e)(2) and (e)(3).

Debtor's father, Peter Paul Mitrano ("Decedent"), dated October 4, 2009, after the Decedent died on October 18, 2014. *See* AP ECF 72, at **Ex. A**, ¶ 4.

12. Per the Decedent's will, the Debtor and his five siblings each received a one-sixth interest in the Property as tenants-in-common, for an ownership share of 16.66% per sibling. *See* AP ECF 72, at **Ex. A**, ¶ 5.

13. The Appointment Order, described below, states that the Property is not divisible. The Property consists of a residential lot improved with a dilapidated single-family residence, and is assessed by the Town of Duxbury, Massachusetts as a single-family residence. *See* AP ECF 72, at **Ex. A**, ¶ 6.

14. Before the sale described below, the Property was neither rented nor capable of generating any income without a substantial — and likely cost-prohibitive — capital investment to remedy the dilapidated condition previously described. *See* AP ECF 72, at **Ex. A**, ¶ 7.

15. On September 23, 2024, the Debtor filed his Opposition to Petitioner's Motion to Appoint Commissioner to Sell the Property in which the Debtor outlined various objections to any partition sale of the Property, including the Debtor's filing of a bankruptcy proceeding (the "Opposition"). The Debtor did not serve Drilling with a copy of the Opposition — this filing

preceded the Partition Court's appointment of Drilling as Commissioner charged with selling the Property. *See* AP ECF 72, at **Ex. A**, ¶ 8.

16. On September 26, 2024, each of the Debtor's remaining four siblings filed an assent with the Partition Court — consenting to the partition of the Property as requested in the Petition. The Debtor was the only one of the six beneficiaries of the Decedent's will who opposed a partition sale of the Property. *See* AP ECF 72, at **Ex. A**, ¶ 9.

17. On January 23, 2025, the Partition Court appointed Drilling as a Commissioner and ordered Drilling to sell the Property for not less than $550,000.00 (the "Appointment Order"). *See* AP ECF 72, at **Ex. A**, ¶ 10.

18. In accordance with the Appointment Order, Drilling listed the Property for sale, procured a buyer, and closed on the sale of the Property on June 2, 2025, resulting in net proceeds exceeding $960,000.00 (the "Partition Sale Proceeds"). *See* AP ECF 72, at **Ex. A**, ¶ 11.

19. Drilling deposited the Partition Sale Proceeds into his trust account. *See* AP ECF 72, at **Ex. A**, ¶ 12.

*The Ch. 13 Filing and Automatic Stay Annulment*

20. As stated, on April 26, 2024, the Debtor filed bankruptcy. ECF 1.

21. The Debtor did not list Drilling as a creditor or interested party in his bankruptcy petition or schedules. *See* AP ECF 72, at **Ex. A**, ¶ 13; *see also* ECF 19 at p. 15-20.

22. Drilling was never served with any notice of the Debtor's bankruptcy petition. *See* AP ECF 72, at **Ex. A**, ¶ 14.

23. The title report for the Property that Drilling received from Petitioner's attorney did not disclose or reflect any bankruptcy filing by the Debtor. *See* AP ECF 72, at **Ex. A**, ¶ 15.

24. Drilling was unaware of the Debtor's Chapter 13 bankruptcy proceeding until Drilling was served with a copy of the complaint and summons issued in the above-captioned adversary proceeding on or about August 1, 2025. *See* AP ECF 72, at **Ex. A**, ¶ 16.

25. Drilling then moved to annul the automatic stay. ECF 136. On November 20, 2025, this Court granted Drilling's motion and annulled the automatic stay as to the sale of the Property[4]. ECF 158.

[4]The Debtor appealed the stay annulment order. ECF 168. The District Court Clerk subsequently directed the Debtor to designate contents of the appellate record and serve Drilling with a statement of the issues on appeal. ECF 172. The Debtor did not comply and has taken no other steps to prosecute his appeal.

26. Drilling subsequently turned over $107,463.52 to the Ch. 13 Trustee. *See* ECF 197.

## ***Conclusions of Law***

### *Governing Standard*

Federal Rule of Civil Procedure 56 governs summary judgment proceedings in a bankruptcy adversary proceeding. *See* Fed. R. Bankr. P. 7056. Pursuant to Rule 56(a), summary judgment is appropriate when "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As this Court has observed, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *In re Senturk*, 660 B.R. 726, 731 (Bankr. M.D. Fla. 2024) (quoting *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249. The burden shifts to the nonmoving party to identify a genuine issue of material fact once the movant has met its burden to demonstrate the non-existence of a genuine dispute of fact. *Senturk*, 660 B.R. at 731 (citing *Boyle v. City of Pell City*, 866 F. 3d 1280, 1288 (11th Cir. 2017)).

## I. ANNULMENT OF THE AUTOMATIC STAY PRECLUDES A DAMAGES CLAIM FOR VIOLATION OF THE STAY UNDER § 362(k)

The premise of this adversary proceeding is that the defendants violated the automatic stay by participating in the sale of the Property. But having annulled the automatic stay as Drilling requested, such retroactive stay relief validates his sale of the Property eliminating the Debtor's damages claim. *In re Schwartz* 954 F.2d 569, 573 (9th Cir. 1992) (recognizing that "[i]f a creditor obtains retroactive relief under section 362(d), there is no violation of the automatic stay …"); *see also In re Patel*, 142 F.4th 1313 (11th Cir. 2025) (acknowledging that "[i]mportantly, annulments grant retroactive relief from the automatic stay, so as to validate actions taken during the pendency of the stay.") (quotations and citation omitted). Indeed, bankruptcy courts nationwide acknowledge that a retroactive annulment of the automatic stay eliminates any claim for stay violation damages pursuant to section 362(k) of the Code. *See also In re Jackson*, 663 B.R. 738, 742 (8th Cir. BAP 2024) (recognizing that "[t]here can be no basis for contempt based on a violation of the stay once the stay is annulled."); *In re Aki Oya*, 2019 WL 5390007, at *7 (9th Cir. BAP Oct. 18, 2019) (affirming stay annulment and approving district court reasoning that "[t]o allow damages even when a

stay is annulled would render it identical to a termination or modification of a stay, and its inclusion in section 362(d) would be redundant."); *Matter of Patel*, 642 B.R. 187, 198-99 (Bankr. N.D. Ga. 2022) (denying stay relief damages following annulment); *In re Schonscheck*, 592 B.R. 679, 684 (Bankr. E.D. Wisc. 2018) (rejecting debtor's stay violation damages claim following annulment, reasoning that "[the creditor] cannot be held liable for violating a stay that the court has retroactively annulled."); *see also In re Servico, Inc.*, 144 B.R. 933, 936 (Bankr. S.D. Fla. 1992) (collecting authority for proposition that "[w]hen the stay is annulled, the act which would have been in violation of the stay is permitted … [w]hen the stay is annulled *there is no violation of the stay*.") (emphasis in original).

Furthermore, as the Eleventh Circuit has explained, annulment renders the stay a nullity, as though it was never in place, concerning the annulled party's conduct. *See In re Albany Partners*, 749 F.2d 670, 675 (1984) (recognizing that "an order annulling the stay [can] operate retroactively to the date of the filing of the petition which gave rise to the stay, and thus validate actions taken by the party at a time when he may have been unaware of the existence of the stay."). Since annulment retroactively validates the conduct that may have otherwise constituted a stay violation,

the Debtor is not entitled to damages pursuant to section 362(k). *See In re Schumann*, 546 B.R. 223, 228 (Bankr. D. N.M. 2016) (recognizing that "[a]nnulment of the automatic stay retroactively validates post-petition actions taken in violation of the automatic stay.").

The Debtor counters that Drilling lacks standing to seek annulment of the automatic stay. AP ECF 75 at p. 3-22. As a corollary, the Debtor contends that this Court lacks subject matter jurisdiction to have annulled the stay. *Id.* at p. 22. Both arguments are misguided.

Section 362(d)(1) of the Bankruptcy Code states that "[o]n request of *a party in interest* and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay …" 11 U.S.C. § 362(d)(1) (emphasis added). The Bankruptcy Code does not define 'party in interest'. In *In re Cruz*, the US Bankruptcy Appellate Panel of the Ninth Circuit defined a party in interest as "any party that has a pecuniary interest in the matter, that has a practical stake in the resolution of the matter or that is impacted by the automatic stay." 516 B.R. 594 (9th Cir. B.A.P. 2014). The Court finds persuasive this definition of 'party in interest'. Here, the Debtor alleges that Drilling violated the automatic stay — causing the Debtor

$50,000,000.00 in damages — when Drilling sold the Property in which the Debtor owned a one-sixth interest, in Drilling's capacity as the court-appointed commissioner in the Partition Proceeding. Based on the standard articulated in *Cruz*, Drilling undoubtedly qualifies as a party in interest entitled to seek automatic stay relief because Drilling is directly impacted by the automatic stay and has a practical stake in the resolution of this issue. *See also Baker v. Bank of America, N.A.*, 837 Fed. Appx. 754, 758-59 (11th Cir. 2020) (holding that loan servicer had requisite Article III standing to seek retroactive stay relief where debtor sued servicer in federal court for sanctions and to hold servicer in contempt for stay violation).

The Debtor's argument regarding this Court lacking subject matter jurisdiction is also unavailing. Automatic stay relief is a core proceeding over which this Court has subject matter jurisdiction. 28 U.S.C. § 157(b)(2)(G).

Based on the foregoing, Drilling's sale of the Property as commissioner pursuant to the Appointment Order in the Partition Proceeding cannot constitute the basis of a damages claim where this Court has annulled the stay and retroactively validated the sale. On this basis alone, Drilling is entitled to summary judgment as a matter of law.

## *Conclusion*

Summary judgment is warranted in Drilling's favor. Having annulled the automatic stay, the Debtor's claim for stay violation damages is no longer viable under well-established, nationwide precedent.

###

Attorney Powell is directed to serve conforming copies of these Proposed Findings of Fact and Conclusions of Law on all appropriate parties and to file a certificate of service with the Court within three days of entry.