**ORDERED.**

**Dated: October 07, 2026**

Tiffany P. Geyer
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

PETER PAUL MITRANO,

Debtor.
_____________________________________________/

Chapter 13
Case No.: 6:24-bk-02053-TPG

PETER PAUL MITRANO,

Plaintiff,

Adv. Proc. No. 6:25-ap-00090-TPG

v.

A.A. DORITY COMPANY, INC., MARTIN J. DRILLING, RYAN P. MARTIN, JAMES G. LONG III, HAGAN HUFF-HARRIS LONG, WILLIAM RAVEIS, KEVIN R. CONNELLY, PATRICK W. STANTON, MATTHEW J. MCDONOUGH, THE VILLAS AT KEENE BROOK, LLC, JANE DOE, JOHN DOE, and DENNIS S. MITRANO,

Defendants.
_____________________________________________/

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW ON THE VILLAS AT KEENE BROOK, LLC'S MOTION TO DISMISS ADVERSARY COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

THIS MATTER, having come before the Court on the *Motion to Dismiss Adversary Complaint for Failure to State a Claim upon which Relief can be Granted* (A.P. Dkt. No. 84) (the "Motion") filed by Defendant, The Villas at Keene Brook, LLC ("The Villas") and the plaintiff, Peter Paul Mitrano (the "Plaintiff") having failed to file a response to the Motion or to appear at the hearing on the Motion on September 2, 2026, the Court, having reviewed the Motion and being otherwise fully advised in these premises, proposes the following findings of fact and conclusions of law to the U.S. District Court for the Middle District of Florida in accordance with Federal Rule of Civil Procedure 52, applicable here pursuant to Federal Rule of Bankruptcy Procedure 7052. To the extent any finding of fact below is more appropriately construed as a legal conclusion or vice-versa, such factual finding or legal conclusion should be considered accordingly.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Plaintiff Commences Bankruptcy Case and Adversary Proceeding

1. On April 26, 2024 (the "Petition Date"), the Plaintiff commenced the above-captioned bankruptcy case (Case No. 6:24-bk-02053-TPG) (the "Bankruptcy Case") when he filed a voluntary petition (the "Petition") for relief pursuant to chapter 13 of the Bankruptcy Code. *See* (Bankr. Dkt. No. 1).[1]

2. On July 7, 2025, Plaintiff filed a complaint (the "Complaint") against The Villas and numerous other Defendants, commencing the above-captioned Adversary Proceeding (the "Adversary Proceeding"). *See* (A.P. Dkt. No. 1).

3. The Complaint generally pleads that it is "related to real property located at 934 Temple Street, Duxbury, Massachusetts." (A.P. Dkt. No. 1 at ¶ 7).

[1] Citations to filings in the above-captioned bankruptcy case appear herein as "Bankr. Dkt. No. ___," while citations to the above-captioned adversary proceeding appear as "A.P. Dkt. No. ___."

4. The Complaint further broadly contends that all named Defendants willfully and intentionally violated the automatic stay and requests that the Court, among other relief, "award sanctions, including but not limited to punitive damages, against the defendants, jointly and severally, in the amount of fifty million dollars." (A.P. Dkt. No. 1 at ¶¶ 8, 10).

**B. Plaintiff Seeks Withdrawal of the Reference**

5. On September 2, 2025, the Plaintiff moved to withdraw the reference when he filed his Motion to Have any Ruling in this Court's Above-Captioned Proceeding Heard by a District Court Judge. (A.P. Dkt. No. 51) (the "First Motion to Withdraw the Reference").

6. On September 9, 2025, the Bankruptcy Court issued its Order Staying Proceedings Pending Resolution of Plaintiff's Motion for Withdrawal, noting that that it "retains jurisdiction to hear this proceeding while the motion for withdrawal is pending" but ultimately, in the interests of judicial economy, decided in its discretion to stay the Adversary Proceeding "pending the District Court's resolution of the Motion [(A.P. Dkt. No. 51)]." *See* (A.P. Dkt. No. 58) ("Order Staying Adversary Proceeding").

7. On October 24, 2025, the Bankruptcy Court transmitted to the District Court the Plaintiff's First Motion to Withdraw the Reference. (A.P. Dkt. No. 68).

8. On June 16, 2026, the District Court denied the Plaintiff's First Motion to Withdraw the Reference. *See* (Case No. 6:25-mc-00035-AGM, District Court Dkt. No. 5).[2]

9. On July 30, 2026, the Plaintiff filed his second Motion to Have any Ruling in this Court's Above-Captioned Proceeding Heard by a District Court Judge (the "Second Motion to Withdraw the Reference"), which currently remains pending. (District Court Dkt. No. 11).

---

[2] All citations to filings in the District Court case appear herein as "District Court Dkt. No. ___."

10. The District Court having resolved the First Motion to Withdraw the Reference, the Bankruptcy Court found that the adversary proceeding was no longer stayed pursuant to its prior Order Staying Adversary Proceeding. The Bankruptcy Court further found that, pursuant to Federal Rule of Bankruptcy Procedure 5011(c), the Plaintiff's Second Motion to Withdraw the Reference "does not stay proceedings in a case or affect its administration." Fed. R. Bankr. P. 5011(c).

**C. Bankruptcy Court Annuls the Stay**

11. Meanwhile, on October 23, 2025, Martin J. Drilling filed a Motion to Annul Automatic Stay (Bankr. Dkt. No. 136) (the "Motion to Annul") in the Bankruptcy Case.

12. On November 20, 2025, after notice and a hearing and having considered the parties' arguments, the Bankruptcy Court entered its Order Granting the Motion to Annul Automatic Stay (the "Annulment Order"), finding in pertinent part that "[t]he automatic stay is annulled as to the sale of 934 Temple Street, Duxbury, Massachusetts 02332, on June 2, 2025." (Bk. Dkt. No. 158, ¶ 2).

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2), which applies in an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7008, requires a pleading to contain "a short and plain statement of the claim *showing that the pleader is entitled to relief*." FED. R. CIV. P. 8 (emphasis added); FED. R. BANKR. P. 7008. Under Federal Rule of Civil Procedure 12(b)(6), which also applies in an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012(b), a party may assert the defense of "failure to state a claim upon which relief can be granted" by motion. FED. R. CIV. P. 12(b)(6). Fed. R. Civ. P. 12(b); FED. R. BANKR. P. 7012(b).

"Rule 8(a) is premised on the notion that a defendant must be given fair notice of what 'the claim is and the grounds upon which it rests.'" *In re Zalloum*, No. 6:17-bk-02329-KSJ, Adv. No. 6:17-ap-00068-KSJ, 2019 WL 965098, at *7 (Bankr. M.D. Fla. Feb. 25, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' *but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusations*." *Id.* (emphasis added) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires *more than labels and conclusions*, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (emphasis added) (quoting *Twombley*, 550 U.S. at 555).

In other words, "[f]or a complaint to survive a motion to dismiss, it must contain enough factual matter to 'state a claim for relief that is plausible on its face.'" *In re Zalloum*, 2019 WL 965098, at *7 (quoting *Iqbal*, 556 U.S. at 677–78). Facial plausibility is present only "when the plaintiff pleads factual content that allows the court to draw the *reasonable inference that the defendant is liable for the misconduct alleged*." *Id.* (emphasis added) (quoting *Iqbal*, 556 U.S. at 677–78).

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Necessarily, "[i]ndividuals seeking damages for stay violations have the burden of proof to establish that the wrongdoer violated the automatic stay and the violation was willful." *In re Rose*, 645 B.R. 253, 259 (Bankr. M.D. Fla. 2022) (citation omitted). As a preliminary matter, the Plaintiff must plead facts establishing which provision of section 362 he contends The Villas violated. The Complaint fails to plausibly state a claim for violation of the automatic stay or for damages related thereto.

The Eleventh Circuit has long held that section 362(d)(1) of the Bankruptcy Code provides that the stay may be annulled on request of a party in interest and after notice and a hearing. *In re Albany Partners, Ltd.*, 749 F.2d 670, 675-76 (11th Cir. 1984) (holding that a bankruptcy court may grant retroactive relief from the automatic stay, thereby annulling the stay and violation, "so as to validate action taken during the pendency of the stay."); *see also Williford v. Williford*, 294 F. App'x 518, 521-22 (11th Cir. 2008) (stating that, pursuant to § 362(d)(1), the bankruptcy court may annul the automatic stay, providing relief retroactively to validate actions in violation of the stay); *see also Rajesh C. Patel v. Rishi M. Patel*, 142 F.4th 1313, 1322-23 (11th Cir. 2025) (affirming order annulling the automatic stay "for cause" under § 362(d)(1)).

The Bankruptcy Code does not define "party in interest" for purposes of section 362(d)(1), but courts have held that "a 'party in interest' can include any party that has a pecuniary interest in the matter, that has a practical stake in the resolution of the matter or that is impacted by the automatic stay." *In re Cruz*, 516 B.R. 594, 602 (B.A.P. 9th Cir. 2014) (citation omitted). Moreover, the Eleventh Circuit has held that an entity sued in federal court for sanctions and contempt for allegedly violating the stay had Article III standing in bankruptcy court to seek annulment of the stay, because the lawsuit was the injury traceable to the debtor and the order granting relief from the automatic stay would redress that injury. *Baker v. Bank of Am., N.A.*, 837 F. App'x 754, 758 (11th Cir. 2020).

Accordingly, Martin J. Drilling is a party in interest, directly impacted by the automatic stay, because he was appointed by the Massachusetts state court to sell the property located at 934 Temple Street, Duxbury, Massachusetts (the "Property") and Plaintiff's Complaint seeks damages for violating the stay related only to that sale of the Property. As a party in interest, Martin J. Drilling properly sought annulment of stay retroactive to the date of the sale of the Property.

(Bankr. Dkt. No. 136). The Court then annulled the stay as to the sale of the Property. (Bankr. Dkt. No. 158).

An order annulling the automatic stay validates an act against the property of the estate, and actions for damages for violating the automatic stay should be dismissed. *Matter of Patel*, 642 B.R. 187, 199 n.9 (Bankr. N.D. Ga. 2022), subsequently aff'd sub nom. *In re Patel*, 142 F.4th 1313 (11th Cir. 2025) ("As the Court finds cause to annul the stay, the Court need not consider any evidence presented regarding Debtor's entitlement to damages, including punitive damages."); *In re Schwartz*, 954 F.2d 569, 573 (9th Cir. 1992).

The entire foundation of the Complaint is that the defendants, including The Villas, violated the automatic stay by participating in the sale of the Property. But since this Court has retroactively annulled the stay as to that sale, the automatic stay is deemed not to have applied, and the sale of the Property is validated. As a matter of law, the actions of which the Plaintiff complains, cannot constitute violations of section 362 of the Bankruptcy Code. *Albany Partners, Ltd.*, 749 F.2d at 675-76 (recognizing bankruptcy courts' authority to grant retroactive relief from the automatic stay by annulling it).

Accordingly, because the Court's Annulment Order retroactively eliminates the stay as to the Property, the Complaint for damages for violating the automatic stay fails to state a plausible claim for relief and is due to be dismissed with prejudice.

Dana L. Robbins-Boehner is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of this order.